IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LENNARD EDWARD VAUGHN,

    Petitioner,                                    No. CIV S-10-424 MCE CHS

    vs.

TIM V. VIRGA,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

## I. INTRODUCTION

Vaughn, a state prisoner, proceeds pro se with a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. At issue is Vaughn's conviction for bringing marijuana into a state prison, case 04F10822 in the Sacramento County Superior Court, for which he was sentenced to a term of 25 years to life.

## II. BACKGROUND[1]

Vaughn, an inmate, was caught with marijuana in the visiting room at California State Prison, Sacramento. Before entering the visiting room, inmates undergo an unclothed full

---

[1] *See People v. Vaughn*, 2009 WL 1600553 (Cal. App. 3rd Dist. 2009).

1

body search.  Visitors enter through a separate room and must empty their pockets and go through a metal detector.

  Contact between visitors and inmates is restricted except for a brief hug and kiss at the beginning and end of the visit.  A visitor is also allowed to have a Polaroid photograph taken with the inmate for purchase.

  The visiting room has vending machines from which the visitor may purchase items for the inmate.  Inmates may not use the machines, which are placed outside a red line marking the room's boundary for inmates.

  On September 5, 2004, Officer Lewis's attention was drawn to Vaughn, who was having his photograph taken with Janice DiFatta, a visitor.  Vaughn had his left hand down the back of his pants, which led Officer Lewis to suspect drug smuggling.

  After making eye contact with Officer Lewis, Vaughn wrapped both hands around DiFatta's waist.  Officer Lewis notified his partner and approached Vaughn, who had finished his photograph and had a bag of chips in his left hand when Officer Lewis arrived.  Officer Lewis escorted Vaughn into the search room and began to search him.  Vaughn started gagging and coughed up a blue balloon the size of a golf ball, which he handed to Officer Lewis.  The balloon was wrapped around another balloon containing 5.66 grams of marijuana wrapped in plastic wrap.

  Vaughn executed a *Miranda* waiver and was interrogated.  Told he was suspected of possessing marijuana, he replied: "What can I say? They found it on me."  Vaughn claimed to have found it in the dispensing tray of a vending machine.  He denied any involvement on DiFatta's part and said he was not afraid of taking another inmate's marijuana.

  The visiting room was subject to video surveillance.  Although there was a problem with the time and date stamping from the cameras, a tape of the visit was verified by Officer Lewis and played to the jury.  Vaughn and DiFatta were seen in line waiting for their photo to be taken.  The video showed the DiFatta by herself numerous times, including when she

was next to the vending machines.

The line for the photographs was in front of the vending machine.  At one point, while standing in line for the picture, Vaughn went over the red boundary line.

According to a former narcotics detective, a small amount of marijuana like what Vaughn possessed was very valuable inside prison.  Taking another prisoner's drugs by theft or subterfuge would likely result in an attack on the prisoner who took them.  A visitor can bring drugs into prison on visiting day and transfer them to a prisoner in various ways, such as by kissing or by placing a balloon containing the drug in a bag of chips and having the prisoner swallow it.

On this evidence, a jury convicted Vaughn of bringing marijuana into a state prison (count 1) and possession of marijuana while in prison (count 2).  The jury also found true allegations that he previously suffered six prior serious felony convictions within the meaning of California's habitual criminals, or "three strikes" law (s*ee* Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)), resulting in imposition of a life sentence.

Vaughn appealed his conviction on count 1 to the California Court of Appeal, Third District, where the judgment was affirmed.  A petition for review to the California Supreme Court was denied.

### III.  GROUNDS FOR RELIEF

Vaughn challenges his conviction on count 1, bringing marijuana into a state prison.  He claims:

    A.    The prosecutor's argument suggested a legally incorrect theory of guilt to the jury; and

    B.    Insufficient evidence supported the conviction.

### IV.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States.

28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); see also *Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under the AEDPA, federal habeas corpus relief is also precluded for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

This court looks to the last reasoned state court decision to determine whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919. The state court's factual findings are presumed correct if not rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Taylor v. Maddox*, 336 F.3d 992, 1000 (9th Cir. 2004). It is the habeas corpus petitioner's burden to show the state court's decision was either contrary to or an unreasonable application of federal law. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

## V.  DISCUSSION

### A.  Incorrect Theory of Guilt

Vaughn claims that his right to due process was violated when the prosecutor argued to the jury that Vaughn was guilty of bringing marijuana into a state prison simply by virtue of being found with marijuana in his possession. Vaughn argues "[b]ringing a controlled

1  substance from one part or area of the prison to another... does not constitute a violation of
2  section 4573."

>  In order to prove count 1, the People had to prove:
>
>  1. The defendant unlawfully brought and/or assisted in bringing a controlled substance into a penal institution;
>
>  2. The defendant knew that he was bringing and/or assisting in bringing a controlled substance into a penal institution;
>
>  3. The defendant knew that the object was a controlled substance;
>
>  4. The controlled substance was marijuana;
>
>  AND
>
>  5. The marijuana was in a usable amount.

(Clerk's Transcript ("CT") at 106; RT at 202.)  The jury was so instructed.  The jury was instructed that Vaughn could be found guilty under an aiding and abetting theory of liability:

>  To prove that the defendant is guilty of a crime based on aiding and abetting the crime that crime, the People must prove that:
>
>  1. The perpetrator committed the crime;
>
>  2. The defendant knew that the perpetrator committed the crime;
>
>  3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime;
>
>  AND
>
>  4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime.

(CT at 105; RT at 200-01.)

In closing argument, defense counsel argued that an acquittal on the charge of bringing marijuana into prison was supported by the People's failure to prove that Vaughn had smuggled the drugs into prison from the outside.  The defense theory of the case was that Vaughn only found the drugs while he was already in prison.  In rebuttal, the prosecutor argued that Vaughn was guilty solely because he was found in possession of the marijuana in prison:

> [We know from the evidence that the] balloon had to come from outside somehow. Whether from Ms. DiFatta or finding it in the tray that somebody else put there, whatever wild story Mr. Vaughn wanted to tell Investigator Gault, somehow this substance came from outside.
>
> We don't have to prove that Mr. [*sic*] DiFatta handed it to Mr. Vaughn or Inmate No. 2 handed it to him. All we have to show is, based on evidence in the record, this item came from the outside, and Mr. Vaughn brought it into prison. We know he brought it in there because it was found coming out of his mouth.

(Reporter's Transcript ("RT") at 184-85.)

Defense counsel objected to this portion of argument as an incorrect statement of the law. The court told the jury: "I've told you earlier, didn't I, if what they say regarding the law is not what I tell you, disregard what they say; okay?" (RT at 185.)

On appeal, the state court assumed that the prosecutor's argument misstated the law, but rejected the claim of error, holding that it was not reasonably likely the jury applied that particular theory to find Vaughn guilty. *People v. Vaughn*, *supra*, at 3-4.

The appropriate standard for a federal court reviewing a claim of prosecutorial misconduct on habeas corpus is the narrow one of whether the conduct violated due process. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). A prosecutor's error or "[i]"mproper argument does not, per se, violate a defendant's constitutional rights." *Jeffries v. Blodgett,* 5 F.3d 1180, 1191 (citing *Darden*, 477 U.S. at 181). A criminal defendant's due process rights are violated only if the error or misconduct renders the trial fundamentally unfair. *Darden*, 477 U.S. at 181. "The relevant question is whether the prosecutor's error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden*, 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *see also Smith v. Phillips*, 455 U.S. 209, 219 (1983) ("the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor").

Factors to be considered in determining whether habeas relief is warranted include whether the prosecutor manipulated or misstated the evidence; whether the conduct implicated

other specific rights of the accused; whether the objectionable content was invited or provoked by defense counsel's argument; whether the trial court admonished the jurors; and the weight of the evidence against the defendant. *Darden*, 477 U.S. at 181-82. Relief is limited to cases in which the petitioner can establish that the misconduct resulted in actual prejudice. *See Johnson v. Sublett*, 63 F.3d 926, 930 (1995) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38). Habeas corpus relief is warranted only if the violation had a "substantial and injurious effect or influence in determining the jury's verdict." *Shaw v. Terhune*, 380 F.3d 473, 478 (9th Cir. 2004) (applying *Brecht's* "harmless error" test to evaluate a claim of prosecutorial misconduct on habeas corpus).

In this case, examining the trial record as a whole, the prosecutor's alleged improper argument did not render the trial fundamentally unfair or have substantial and injurious effect or influence in determining the jury's verdict. The jury was properly instructed on the elements of the offense of bringing marijuana into a state prison and on the aiding and abetting theory of liability for that offense. (CT at 105-06; RT at 200-02.) Immediately following the challenged portion of the prosecutor's argument, defense counsel objected, causing the court to tell the jury it must disregard attorney comments that differed from what the court said. The court also properly instructed the jury with standard version of CALCRIM No. 200:

> You must follow the law as I explain it to you, even if you disagree with it. If you believe that the attorneys comments on the law conflict with my instructions, you must follow my instructions.

(RT at 189; CT at 78.)

"A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citing *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)). Moreover, "arguments of counsel generally carry less weight with a jury than do instructions from the court." *Boyde v. California*, 494 U.S. 370, 384 (1990). For this reason, "prosecutorial misrepresentations... are not to be judged as having the same force as an instruction from the court." *Id*. at 385. Under the circumstances of this case, no due process violation is shown.

7

B.  Sufficiency of the Evidence

Vaughn also claims the evidence at trial was insufficient to establish his guilt on count 1. In support of this claim, he contends no evidence established that he knowingly brought or knowingly aided and abetted another in bringing marijuana into the prison.

The Due Process Clause of the Fourteenth Amendment protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364 (1970). On habeas corpus review, sufficient evidence supports a conviction so long as, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); s*ee also Prantil v. California*, 843 F.2d 314, 316 (9th Cir. 1988) (per curiam).

The *Jackson* standard is applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Davis v. Woodford*, 384 F.3d 628, 639 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 319.) The dispositive question is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318). Under the AEDPA, this standard is applied with an additional layer of deference. *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005). This court must ask "whether the decision of the California Court of Appeal reflected an 'unreasonable application of' *Jackson* and *Winship* to the facts of this case." *Id*. (citing 28 U.S.C. § 2254(d)(1)).

Again, to prove that Vaughn was guilty of count 1 under an aiding and abetting theory of liability, the prosecution had to prove that the perpetrator committed the crime; that Vaughn knew the perpetrator committed the crime; that Vaughn intended to aid and abet the perpetrator before or during commission of the crime; and that he did in fact aid and abet the perpetrator's commission of the crime. (CT at 105; RT at 200-01.) Viewed in the light most favorable to the prosecution, sufficient evidence established each of these elements. As

explained by the state court of appeal:

> Although there is no direct evidence that defendant knowingly aided another in bringing the marijuana into the prison, circumstantial evidence supports such a conclusion. The balloon containing marijuana had to come into the prison from the outside. The visiting room is searched both before and after visits, strongly suggesting the marijuana was brought in by a visitor that day. Defendant appeared to be hiding contraband when he was having a photograph taken with DiFatta, his visitor, thus raising the inference that he got the contraband from her.
>
> Although the line for photographs was in front of a vending machine and defendant crossed the boundary near it while waiting to have his picture taken, there is no evidence placing defendant at a vending machine other than his self-serving claim to have found the marijuana there. The only person who is directly placed at the vending machine is DiFatta, who could have placed the marijuana there. The jury could reject defendant's claim in light of the danger of taking another prisoner's drugs and the implausibility of his finding another prisoner's drugs at a vending machine.
>
> The jury could thus reasonably conclude that the only logical explanation for the marijuana found hidden in defendant's mouth was that he was aiding and abetting DiFatta in bringing it into the prison.

*People v. Vaughn*, *supra*, at 4-5.

This decision of the California Court of Appeal was a reasonable application of the standards of *Jackson* and *Winship* and a reasonable determination of the facts. No relief is available.

## VI.  CONCLUSION

For the foregoing reasons, the petition should be denied. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed, a substantial showing of the denial of a constitutional right has not been made in this case.

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. the petition for writ of habeas corpus be denied; and

2. a certificate of appealability not issue in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). Any reply to the objections shall be filed and served within seven days after service of the objections.

DATED: September 28, 2011

*/s/ Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE